## GILBERT ALLEN *et al. versus* The PACIFIC INSURANCE COMPANY.

An insurance company having its established place of business in one county of this State, and holding its annual meetings there, may, nevertheless, be sued in any other county in the State, by a citizen of another State.

THIS was an action on a policy of insurance. The defendants pleaded in abatement, that at the time of the purchase and service of the writ and long before, the plaintiffs resided in New York, without the limits of this State; that the defendants had no established or usual place of business in this county, and had never held any of their annual meetings therein; that their usual place of business was at Boston, in the county of Suffolk, and all their annual meetings had been held there; and that the plaintiffs, if they had any cause of action against the defendants, ought to have brought their action in the county of Suffolk. The plaintiffs demurred to this plea.

*C. P. Curtis* and *Warren*, for the defendants, cited *St.* *Oct. 27th.* 1784, *c.* 28, § 13; Revised Stat. *c.* 90, § 14, 16.

*Colby* and *Clifford*, for the plaintiffs.

SHAW C. J. delivered the opinion of the Court. The *Oct. 29th* plaintiffs are citizens of another State. The defendants plead in abatement, that they are a corporation, having a usual place of meeting and business in the county of Suffolk, and that by law, this action against them cannot be brought in this county. To this plea the plaintiffs demur.

The question depends exclusively upon the Revised Statutes. Revised Stat. *c.* 90, § 14, 16. The sixteenth section makes provisions in regard to corporations, putting those that are local, as towns, parishes and school districts, on the same footing as natural persons, as to suing and being sued, in the county where they are situated, and prescribing rules to fix the locality of those that are not territorial, as banks and insurance companies. But where the location is thus fixed, these corporations are also put on the footing with natural persons. But the fourteenth section contains a provision, that when the plaintiff lives out of the State, the action may be brought in any county. This provision was not in the original report of the commissioners

for revising the statutes, but it was introduced afterwards. Perhaps it had been casually overlooked. But the provision, as it now appears, is not limited to the case of a suit by or against a natural person, but is general in its terms, and the Court can perceive no ground on which to engraft such a restriction by implication. The policy of the law is, and so was the law before the revision, to give to inhabitants of other States and foreigners, a right to commence their suits in any county of the Commonwealth, nearest their own residence, or otherwise convenient to themselves.

*Respondeant ouster.*